UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-169 |
| | ) | |
| JEFFREY WHALEY and | ) | (PHILLIPS/SHIRLEY) |
| JERRY D. KERLEY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on August 31, 2011, for a motion hearing on the Defendants' Joint Unopposed Motion to Continue Trial Date [Doc. 70], filed August 30, 2011. Assistant United States Attorneys F.M. Hamilton, III, and Zachary C. Bolitho appeared on behalf of the Government. Attorney Tracy Jackson Smith represented Defendant Whaley. Attorneys Wade V. Davies and W. Thomas Dillard represented Defendant Kerley. Both Defendants were present.

The motion asks the Court to continue the trial of this case from October 4, 2011, to March 6, 2012. Defense counsel request additional time to prepare the case for trial, observing that this case has already been deemed complex for speedy trial purposes. The Defendants note that while the Court has recently ruled upon all nondispositive motions, two dispositive motions remain

1

pending. The Defendants state that they need time both to evaluate the need to appeal this Court's rulings on the nondispositive motions and potentially to file objections to the report and recommendation on the dispositive motions, once it is filed. They also state that discovery in this case involves 48,000 pages. They request a trial continuance due to the nature of the allegations and the breadth of the materials involved. At the August 31 hearing, defense counsel stated that they had discussed the motion and any speedy trial implications with their clients. Both Ms. Smith and Mr. Davies believe that a trial continuance is in their client's best interest. The Court questioned Defendants Whaley and Kerley, who both agreed that they wanted the Court to grant the continuance. The Government did not object to a trial continuance.

The Court finds the Defendant's joint motion to continue the October 4 trial date to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). First, the Court observes that additional time is needed to complete the litigation of the Defendants' pretrial motions. See 18 U.S.C. § 3161(h)(1)(D). Presently pending before this Court are two motions [Docs. 46 and 48] to dismiss certain counts in the Fourth Superseding Indictment. The Court heard the parties' arguments on these motions on July 14, 2011. Due to the complex and novel legal issues raised therein, rulings on these motions cannot reasonably be rendered within the time limits set forth in the Speedy Trial Act. See 18 U.S.C. § 3161(h)(7)(B)(ii). In this respect, the Court has already declared [Doc. 17] this case to be complex for speedy trial purposes.

Following the filing of the report and recommendation on the Defendants' motions to dismiss, the parties will need time to file any objections, and the District Court will need time to rule upon the motions in light of the report and any objections. See 18 U.S.C. § 3161(h)(1)(H).

Finally, the parties will need time to review the discovery materials and to prepare for trial in light of the rulings on the motions. The Court finds that all of this could not take place before the October 4, 2011 trial date, or in less than six months. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, Defendant s' Joint Unopposed Motion to Continue Trial Date is **GRANTED**, and the trial of this case is reset to **March 6, 2012**. The Court finds that all the time between the filing of the motion on **August 30, 2011**, and the new trial date of **March 6, 2012**, is fully excludable time under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & (7)(A)-(B). At the end of the hearing, the parties discussed new deadlines relating to expert disclosures. Pursuant to the agreement of the parties, the Defendants must raise any Daubert-related issues with respect to the Government's prior expert disclosures by **September 16, 2011**. The Defendants have until **September 23, 2011**, to disclose any defense experts. The Government must raise any challenges to defense experts by **September 30, 2011**. Regarding other scheduling matters, reciprocal discovery is due on **January 6, 2012**. This date shall also be the new deadline for completing plea negotiations. Motions *in limine* must be filed no later than **February 6, 2012**. Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **February 20, 2012**.

Accordingly, it is **ORDERED**:

(1) The Defendant s' Joint Unopposed Motion to Continue Trial Date [**Doc. 70**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **March 6, 2012**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips,

United States District Judge;

(3) All time between the filing of the motion on **August 31, 2011**, and the new trial date of **March 6, 2012**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The Defendants' deadline for challenging Government experts is **September 16, 2011**;

(5) Defense experts must be disclosed on or before **September 23, 2011**;

(6) The Government's deadline for challenging defense experts is **September 30, 2011**;

(7) Reciprocal discovery is due on **January 6, 2012**. This is also the new deadline for concluding plea negotiations;

(8) Motions *in limine* must be filed no later than **February 6, 2012**; and

(9) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **February 20, 2012.**

**IT IS SO ORDERED.**

ENTER:


  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge